WYATT METAL & BOILER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2415.   Promulgated March 30, 1927.

The amount of certain county warrants *held* not deductible as worthless.

*J. M. McMillin, Esq.,* for the petitioner.
*Bruce A. Low, Esq.,* for the respondent.

This proceeding is for the redetermination of deficiencies in income and profits taxes for the years 1919, 1920, and 1921, in the respective amounts of $1,146.83; $5,060.28 and $1,887.73.

FINDINGS OF FACT.

The petitioner is a Texas corporation engaged in the manufacture of metal parts and boilers, with its principal office at Dallas. Its books of account are kept on the accrual basis.

In the years 1915 and 1916, petitioner furnished materials to Houston County, Texas, for which it received warrants of the face value of $5,101.96. It assigned these warrants and guaranteed the payment thereof to Austin Brothers, of Dallas, Tex., as follows:

Warrants of the face value of $1,854 on October 26, 1916.
Warrants of the face value of $3,906.96 on November 9, 1916.

On February 27, 1918, Houston County paid to Austin Brothers on one of these warrants the amount of $317, but subsequently refused payment on the other warrants, on the ground that the work and materials for which the warrants were issued were not up to specifications. After the maturity of the warrants, but prior to the year 1920, Austin Brothers instituted suit against Houston County, in the District Court of Houston County, for the payment of these and other warrants held by Austin Brothers. The District Court rendered judgment in favor of the defendant and the case was appealed to the Court of Civil Appeals at Galveston, Tex., which rendered a decision which was unfavorable in part to the plaintiffs, and the plaintiffs then appealed to the Supreme Court of Texas where the case is now pending.

79705°—28——43

After the decision of the District Court of Houston County, Texas, was rendered, Austin Brothers, on November 16, 1920, invoiced to the petitioner warrants in the amount of $1,578, which amount was credited to Austin Brothers on the petitioner's books. On August 25, 1921, Austin Brothers invoiced to the petitioner warrants in the amount of $3,906.96, which amount was also credited to Austin Brothers on the books of the petitioner. On December 31, 1920, the petitioner charged off as a bad debt said warrants in the amount of $1,578, and on December 31, 1921, charged off as a bad debt said warrants in the amount of $3,906.96.

At the time said warrants were invoiced by Austin Brothers to the petitioner, it was agreed that the petitioner would pay the pro rata portion of the court costs which might subsequently accrue, and that it would share the benefits, if any, which might be derived from the final decision of the courts in the litigation mentioned. However, the petitioner did not become a party to the litigation.

In the year 1919, the Texas & Pacific Railway Co. constructed for the petitioner a spur track from the railroad right of way to the petitioner's shops. This spur track was built upon the petitioner's property and the cost of construction was billed to and paid by the petitioner at the close of each year as follows:

| | |
|---|---|
| December 31, 1919 | $3,943.63 |
| December 31, 1920 | 4,898.73 |
| December 31, 1921 | 5,137.76 |

The petitioner had a contract with the Texas & Pacific Railway Co., which provided that the railroad would maintain the spur mentioned, make all repairs and replacements required to keep it in first class condition, and would bill the petitioner for such maintenance, upkeep and replacements. The first bill from the railroad to the petitioner for such maintenance and replacements was rendered in 1924, and was charged by the petitioner on its books during that year as an operating expense.

The petitioner, in its income and profits-tax return for the year 1920, deducted from gross income the amount of $1,578, on account of the Houston County warrants charged off as a bad debt on December 31, 1920, and also deducted an amount for the exhaustion, wear and tear of the said spur track computed at the rate of 10 per cent. In its income and profits-tax return for the year 1921, it deducted from gross income the amount of $3,906.96, on account of the Houston County warrants charged off on December 31, 1921, and also deducted an amount for the exhaustion, wear and tear of said spur track computed at the rate of 10 per cent. The respondent disallowed these deductions; those for the exhaustion, wear and tear of the spur track being disallowed on the ground that the petitioner,

under the facts hereinabove set forth, is not entitled to any deduction for the exhaustion, wear and tear of the spur track.

OPINION.

MARQUETTE: We are of the opinion that the respondent properly refused to allow the petitioner to deduct in 1920 and 1921, as debts ascertained to be worthless and charged off within the taxable years, the Houston County warrants in question. They were in fact charged off, but the record does not establish that they were worthless. They were, in 1920 and 1921, and are still, the subject of litigation in the Texas courts, and whether or not they have any value will not be determined before the final decision therein by the Supreme Court of Texas. That the petitioner did not consider them worthless when they were charged off is evidenced by the fact that it approved of the litigation concerning them and agreed to bear part of the expenses of the litigation. While the pending suit is in the name of Austin Brothers and the petitioner is not a party of record, yet, since it has paid to Austin Brothers the full amount for which it originally assigned the warrants, it is in fact the real party in interest. We think the warrants were not ascertained to be worthless within the taxable years involved herein, and upon this point we approve the action of the respondent.

With reference to the question of whether or not the petitioner is entitled to deductions from gross income as allowances for the exhaustion, wear and tear of the spur track, we are of the opinion that the spur track is depreciable property and that the cost thereof to the petitioner should be capitalized and recovered through allowances for exhaustion, wear and tear spread ratably over its useful life. We are not considering the petitioner's tax liability for the year 1924, and it is not necessary for us to decide here whether the petitioner erred in charging to expense the amount paid by it in that year to the railroad for the maintenance, repair, and replacement of the spur track. If the property in question is depreciable, the petitioner should be allowed to recover in each year of its useful life an aliquot part of its cost, and this right can not be defeated by the fact that in a subsequent year it may have charged to expense amounts spent for maintenance, repair and replacement.

Although we are of the opinion that the petitioner is entitled to an allowance in each of the years 1920 and 1921, for the exhaustion, wear and tear of its spur track, there is nothing in the record herein from which we can determine what that allowance should be. The petitioner claimed an allowance computed at the rate of 10 per cent, which has been disallowed by the respondent. We are not informed

as to the useful life of the spur track, and therefore we can not say what part of the cost thereof should be recovered by the petitioner in each year. In the absence of any evidence as to the life of the property, we must affirm the action of the respondent.

No errors were alleged by the petitioner as to the respondent's determination of its tax liability for the year 1919.

*Judgment will be entered for the respondent.*